## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| DEBBIE RUNZI,<br>on behalf of herself and all others<br>similarly situated,<br><br>            Plaintiff,<br>    v.<br><br>SYNCHRONY BANK,<br>f/k/a GE Capital Retail Bank,<br><br>            Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. _____ |

## <u>NOTICE OF REMOVAL OF DEFENDANT SYNCHRONY BANK</u>

**TO THE COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1331, 1332(d)(2), 1441, 1453(b) and 1446, defendant Synchrony Bank ("Synchrony") by and through its counsel, hereby removes the action entitled <u>Debbie Runzi v. Synchrony Bank.</u>, Case No. 2023V-0494, pending in the Superior Court of Fayette County, State of Georgia (the "Action"), to the United States District Court for the Northern District of Georgia on the following grounds:

1.    <u>Removal Is Timely</u>.  The Action was filed on May 31, 2023.  The Complaint was served on Synchrony on June 8, 2023.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of receipt by, and service on, Synchrony of the Complaint.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings filed in the Action are attached hereto as **Exhibit A**.

## <u>REMOVAL UNDER FEDERAL QUESTION</u>

2.    <u>This Court Has Federal Question Jurisdiction Over The Action</u>.  The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Synchrony pursuant to the provisions of 28 U.S.C. § 1441.  Pursuant to 28 U.S.C. § 1331, original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  As a general rule, a case arises under federal law only if it is federal law that creates the cause of action.  <u>Diaz v. Sheppard</u>, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing <u>Franchise Tax Bd. of Cal. v. Constr. Laborer's Vacation Trust</u>, 463 U.S. 1, 8-10 (1983)).  Plaintiff alleges that Synchrony violated the Telephone Consumer Protection Act, 47 U.S.C § 227, <u>et seq.</u>

(the "TCPA"), a claim arising under the laws of the United States and subject to this Court's removal jurisdiction under 28 U.S.C. §§ 1331 and 1441(a).[1]

3.      Specifically, Plaintiff alleges that beginning in or around January 2023, Synchrony called Plaintiff's cellular telephone number, without her express consent, using artificial or prerecorded voice.  (Compl. ¶¶ 18.)  Plaintiff further alleges that on February 11, 2023, she sent Synchrony a letter that listed her cellular telephone number and demanded that Synchrony "stop the calls immediately."  (Id. ¶20.) Despite the letter, Plaintiff alleges that she continued to receive calls to her cellular telephone number with an artificial or prerecorded voice.  (Id. ¶ 21.)  Plaintiff alleges that, as a result, she has suffered "harm…including, but not limited to, annoyance, nuisance, harassment, invasion of [ ] privacy interests, intrusion upon seclusion, trespass or occupation of [her] [ ] telephone line[ ]."  (Id. ¶¶ 22.)  Plaintiff purports to assert a claim under the TCPA on behalf of herself and a putative class of similarly situated persons in the United States who, within four years prior to the filing of the Action, and through the date of class certification (i) received a call from Synchrony; "(ii) who do not have an account with [Synchrony] (iii) on their cellular telephone numbers (iv) that played a message that had been recorded prior to the initiation of

---

[1] To the extent Plaintiff is asserting any state law claim or request for recovery of attorneys' fees and expenses of litigation, this Court possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and 1441(c).  Synchrony denies Plaintiff is entitled to recovery of attorneys' fees and costs and reserves all rights, arguments and defenses it may have when challenging Plaintiff's Complaint.

the call.  (<u>Id.</u> ¶ 29.)  Notwithstanding these allegations, Synchrony denies that any TCPA violation occurred and disagrees that this Action is, or may be, suitable for treatment as a class action, and Synchrony hereby reserves all rights and arguments it may have when opposing any future motion for class certification, as well as all defenses to liability or damages.

4.    <u>Consent Is Not Necessary Because No Other Defendants Have Been Named</u>.  Synchrony is the only named defendant in the Action and it is not aware of any other defendants that have been named in, or served with, the Complaint. Accordingly, consent to removal is not necessary and removal is proper pursuant to 28 U.S.C. § 1446(a) & (b).

## <u>REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT</u>

5.    <u>This Court Has Jurisdiction Over This Matter Under CAFA</u>. Independently, this Court also has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  CAFA vests federal district courts with "original jurisdiction in any civil action" (A) that "is a class action," (B) in which "the number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," (C) in which "any member of a class of plaintiffs is a citizen of a State different from any defendant"; and (D) in which "the matter in

controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."

28 U.S.C. § 1332(d).  This action satisfies these requirements.

6.    This Action is a Putative Class Action.  Original jurisdiction under

CAFA applies to any civil action that "is a class action."  28 U.S.C. § 1332(d)(2).  A

"class action" means "any civil action filed under rule 23 of the Federal Rules of

Civil Procedure or similar State statute or rule of judicial procedure authorizing an

action to be brought by 1 or more representative persons as a class action."  28 U.S.C.

§ 1332(d)(1)(B).

7.    Georgia Code § 9-11-23 provides "one or more members of a class may

sue or be sued as representative parties on behalf of all only if: (1) the class is so

numerous that joinder of all members is impracticable; (2) there are questions of law

or fact common to the class; (3) the claims or defenses of the representative parties

are typical of the claims or defenses of the class; and (4) the representative parties

will fairly and adequately protect the interests of the class."    Section 9-11-23 is the

Georgia state analog to Federal Rule of Civil Procedure 23.  See Georgia-Pacific

Consumer Products, LP v. Ratner, 295 Ga. 524, 525 fn. 3 (2014) ("Many provisions

of OCGA § 9-11-23 were borrowed from Federal Rule of Civil Procedure 23, and

for this reason, when Georgia courts interpret and apply OCGA § 9-11-23, they

commonly look to decisions of the federal courts interpreting and applying Rule 23.").

8.      Plaintiff purports to bring her action as a class action, pursuant to "OCGA § 9-11-23(b)(2)" on behalf of "all persons [Synchrony] called [ ] who do not have an account with [Synchrony] [ ] on their cellular telephone numbers [ ] that played a message that had been recorded prior to the initiation of the call, [ ] where the call was placed at any time in the four year period preceding the filing of this [A]ction, through the date of class certification." (Compl. ¶¶ 7, 29.)  This action is therefore a putative class action removable under CAFA under 28 U.S.C. § 1332(d)(2).

9.      <u>The Putative Class is Sufficiently Numerous</u>.  Under 28 U.S.C. § 1332(d)(5)(B0), the number of members of all proposed plaintiff classes must equal or exceed 100 in the aggregate for the action to be removable under CAFA.  Plaintiff states that the "exact size of the class is information within the exclusive knowledge of [Synchrony] but that "the class is so numerous that joinder of all members is impractical." (Compl. ¶¶ 30-31.)  Although Synchrony denies that any ascertainable class exists or that class certification is appropriate in this Action, nonetheless, on information and belief, Plaintiff's allegations describe, solely for purposes of CAFA

jurisdiction, a putative class in excess of 100 persons. The proposed class is thus sufficiently numerous under 28 U.S.C. § 1332(d)(5)(B).

10. <u>There is Diversity of Citizenship Between the Parties</u>. A putative class action is removable if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a "natural person who resides in Fayette County, Georgia." (Compl. ¶ 9.) Synchrony is federal savings bank located in Utah. Because Plaintiff is a citizen of Georgia and Synchrony is a citizen of Utah, this is a putative class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d); <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 307 (2006) (holding that a national bank, for diversity purposes, is a citizen only of the State in which its main office, as set forth in its articles of association, is located). Diversity of citizenship accordingly exists between the parties.

11. <u>The Amount In Controversy Exceeds $5,000,000</u>. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 12 U.S.C. § 1332(d)(6). The amount in controversy is simply an estimate of the total amount in dispute, "not how much the plaintiffs are ultimately likely to recover." <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 751 (11th Cir.

2010).  Plaintiff seeks injunctive relief, attorneys' fees and costs on behalf of a proposed class.  (Compl. ¶¶ 44, 45.)  Synchrony denies that it is liable to Plaintiff or the putative class in any way whatsoever.  But if a court were to order the specific relief that Plaintiff demands, Synchrony alleges on information and belief that it would incur substantially more than $5,000,000 in expense to comply with any such order.  Thus, the amount in controversy requirement for removal under CAFA is satisfied.

## OTHER PROCEDURAL MATTERS

12.  <u>Venue Is Proper In This Court</u>.  This Court is the proper district court for removal because the Superior Court of Fayette County, State of Georgia, is located within the United States District Court for the Northern District of Georgia. <u>See</u> 28 U.S.C. § 1441(a).

13.  <u>Notice Will Be Effected</u>.  Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be served on Plaintiff, the only adverse party, simultaneously with this filing.  Additionally, a duplicate copy of this Notice of Removal, without exhibits, will be filed in the Action in state court.

14.  Synchrony seeks removal of this Action without prejudice to any and all defenses available to it.  Synchrony denies all claims alleged in the Action, denies

8

that class certification is appropriate and denies that Plaintiff and the putative class are entitled to any relief, including monetary and injunctive relief, whatsoever.

15.    Synchrony reserves the right to submit additional factual support, evidence, and affidavits or declarations to support the basis for federal jurisdiction as necessary at the appropriate time.

Dated: July 6, 2023                    By:    */s/ Sarah T. Reise*
                                            Sarah T. Reise
                                            Georgia Bar No. 181567
                                            TROUTMAN PEPPER HAMILTON
                                            SANDERS LLP
                                            600 Peachtree Street, N.E., Suite 3000
                                            Atlanta, Georgia 30308-2216
                                            Telephone: (404) 885-3000
                                            Facsimile: (404) 885-3900
                                            sarah.reise@troutman.com

                                            Julia B. Strickland
                                            *pro hac vice application to be filed*
                                            Stephen J. Newman
                                            *pro hac vice application to be filed*
                                            Sheri Guerami
                                            *pro hac vice application to be filed*
                                            STROOCK & STROOCK & LAVAN
                                            LLP
                                            2029 Century Park East, 18th Floor
                                            Los Angeles, CA 90067-3086
                                            Telephone:  (310) 556-5800
                                            jstrickland@stroock.com
                                            snewman@stroock.com
                                            sguerami@stroock.com

                                            Attorneys for Defendant
                                            *Synchrony Bank*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of July 2023, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's CM/ECF system and U.S. mail, postage prepaid and addressed to the following:

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
133 Mirramont Lake Drive
Tel: (770) 427-5600
Fax: (404) 601-1855

James M. Feagle
Georgia Bar No. 256916
Cliff R. Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
Tel: (404) 373-1970

Dated: July 6, 2023                          By:    */s/ Sarah T. Reise*
                                                    Sarah T. Reise
                                                    Georgia Bar No. 181567
                                                    TROUTMAN PEPPER HAMILTON
                                                    SANDERS LLP
                                                    600 Peachtree Street, N.E., Suite 3000
                                                    Atlanta, Georgia 30308-2216
                                                    Telephone: (404) 885-3000
                                                    Facsimile: (404) 885-3900
                                                    sarah.reise@troutman.com

                                                    Attorneys for Defendant
                                                    *Synchrony Bank*