IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

DEBBIE RUNZI,                                    :
on behalf of herself and all others              :
similarly situated,                              :
                                                 :
     Plaintiff,                                :
                                                 :        Civil Action File No.
v.                                               :
                                                 :        3:23-cv-00129-TCB
SYNCHRONY BANK,                                  :        **CLASS ACTION**
f/k/a GE Capital Retail Bank,                    :        **Jury Trial Demanded**
                                                 :
     Defendant.                                :
_____ :

## <u>FIRST AMENDED CLASS ACTION COMPLAINT</u>

## INTRODUCTION

**"Americans passionately disagree about many things.
But they are largely united in their disdain for robocalls."**

*Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2343 (2020)

1.    The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.§

227(b), prohibits all prerecorded robocalls, regardless of the content, unless the

caller has "prior express consent" from the called party. *Barr*, 140 S.Ct. at 2343.

2.    Defendant Synchrony Bank is a repeat violator of this TCPA

provision that continues to robocall Americans regarding the accounts of third

parties.

3.      In 2015, the Southern District of California certified a class of robocall recipients against the Defendant with respect to calls to persons who were not parties to the Synchrony accounts at issue. *See Abdeljalil v. General Electric Capital Corp.*, 306 F.R.D. 303 (S.D. Cal. 2015). Defendant ultimately paid $7,000,000 to resolve such claims. *See Abdeljalil v. General Electric Capital Corp.*, No. 3:12-cv-02078-JAH-MDD, dkt. 164 (S.D.Cal. Dec. 22, 2016) (Final Approval Order).

4.      In April of 2023, a mere month before the filing of this action, the Northern District of Indiana granted final approval whereby Defendant paid an additional $2,600,000 to resolve claims on behalf of a new class of robocall recipients with respect to calls to a similar class of persons. *See Lucas v. Synchonry Bank*, No. 4:21-cv-00070, Dkt. 55 (N.D.Ind. (Apr. 25, 2023) (Final Approval Order).

5.      Notwithstanding two settlements of almost $10,000,000 to resolve TCPA damages claims involving prerecorded robocalls to persons who are not Synchrony accountholders with respect to the accounts at issue, Synchrony continues to make such calls and refuses to engage in practices to prevent such calls.

6.      Synchrony clearly views its TCPA settlement payments as a cost of doing business, and absent an injunction, will continue to harass persons who have no relationship to the Synchrony accounts at issue with repeated robocalls.

7.    Accordingly, Plaintiff brings this class action, pursuant OCGA 9-11-23(b)(2), for injunctive relief to enjoin Synchrony from making robocalls, or alternatively, from robocalling any person with whom it does not have a contractual relationship providing express consent to call regarding the account for which the call was made.

8.    Additionally, Plaintiff brings an individual claim for her damages as provided by the TCPA. *See* 47 U.S.C. § 227(b)(3) (providing for an action to enjoin violations, an action for damages, or both such actions).

## PARTIES AND PERSONAL JURISDICTION

9.    Plaintiff is a natural person who resides in Fayette County, Georgia and is authorized by law to bring this action.

10.    Defendant, Synchrony Bank ("Synchrony"), is a bank chartered in the State of Utah.

11.    Synchrony is in the business of providing credit cards, including associated store branded credit cards (e.g., Walmart) to consumers throughout the United States, including in the State of Georgia.

12.    In the course of its business, Synchrony has engaged in a repeated robocall campaign, beginning in January 2023, to Plaintiff's cellular telephone number in Georgia, 678-707-3631.

13.    Synchrony's calls to Plaintiff and others were intentional.

14.    Defendant transacts business in this State, including but not limited to making the challenged calls to Plaintiff and the class.

15.    Defendant is subject to the jurisdiction and venue of this court.

16.    Other defendants may be discovered in the course of litigation. As such, Plaintiff respectfully requests that this Court permit the addition of later discovered Defendants upon motion.

## STATEMENT OF FACTS

17.    The named Plaintiff is the subscriber and regular user of cellular telephone service for telephone number 678-707-3631.

18.    Beginning in or around January 2023, Synchrony engaged in a robocall campaign wherein it used an artificial or prerecorded voice to make telephone calls to Plaintiff's cellular telephone number regarding the account of a third-party unknown to Plaintiff.

19.    Plaintiff attempted to navigate Synchrony's telephone system to inform Synchrony to stop calling because they had the wrong number. However, she was unable to speak with live person who could access the third-party account to prevent these robocalls.

20.    On February 11, 2023, Plaintiff sent Synchrony a letter that listed her cellular telephone number and demanded that Synchrony "stop the calls immediately."

21.    Despite receiving Plaintiff's letter, Synchrony refused to stop the calls and continued to inundate Plaintiff's cellular telephone with artificial or prerecorded voice robocalls.

22.    Plaintiff does not desire to receive such calls to her cellular telephone number, and Plaintiff and members of the class suffered harm as a result including, but not limited to, annoyance, nuisance, harassment, invasion of their respective privacy interests, intrusion upon seclusion, trespass or occupation of their respective telephone lines.

23.    Congress has statutorily elevated the rights of consumers to be free from and legally protected against the types of calls which violate the TCPA, and Defendants have harmed the named Plaintiff and class members by invading this legally protected right.

24.    The legally protected rights under the TCPA closely relate to rights enforceable at common law, including without limitation to the torts of intrusion upon seclusion, nuisance, harassment, tortuous infliction of emotional distress, and unreasonable collection practices.

25.    Synchrony knows that prerecorded voice calls to third-parties without consent are illegal when made to cellular telephone numbers, yet it continues to do so flagrantly.

26.    The plain language of the TCPA is clear in prohibiting such calls.

27.    The violations of the TCPA were willful and knowing.

28.    All conditions precedent to bringing this action have been complied with.

## CLASS ALLEGATIONS

29.    This action is brought on behalf of a class defined as all persons 1) to whom Synchrony placed, or caused to be placed (either by one of its own employees or by an agent or vendor), a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) by using an artificial or prerecorded voice, (4) where the subject of the call was an account that did not belong to the recipient of the call, and (5) where the recipient of the call did not provide the telephone number to which it placed, or caused to be placed, the call with respect to the subject account.

30.    The exact size of the class is information within the exclusive knowledge of the Defendants.

31.    The class is so numerous that joinder of all members is impractical.

32.     The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  This allegation is based upon the following information: 1) Synchrony has been repeatedly sued for this conduct and settled two class action lawsuits over this exact conduct, 2) the calls to Plaintiff are generic and previously recorded in a fashion which indicates they were made using automated means; 3) the costs and market rate of making such calls is pennies per call, and 4) the very purpose of prerecorded message calling is to call numerous persons in a short amount of time.

33.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

    a.      Whether Defendant's calls used an artificial or prerecorded voice within the meaning of the TCPA;

    b.      Whether Defendant had the prior express consent of the called party to make such calls; and

    c.      Whether the telephone calls were made knowingly or willfully.

34.     The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

35.     Plaintiff will fairly and adequately protect the interests of the class.

She has retained counsel experienced in handling TCPA actions and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

36.     Certification of the class under Rule 23(b)(2) is appropriate in that Synchrony has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## CAUSE OF ACTION

### COUNT ONE:
### TELEPHONE CONSUMER PROTECTION ACT
### Class Action for Injunctive Relief (47 U.S.C. § 227(b)(3)(A))

37.     The acts of Defendant constitute violations of the Telephone Consumer Protection Act and/or its implementing regulations.

38.     The TCPA prohibits making any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. *See* 47 U.S.C. §227(b)(1)(A)(iii); 47 CFR § 64.1200(a)(1)(iii).

39.     Defendant made such calls to Plaintiff and members of the proposed class.

40.     Defendant continues to make such calls despite express notification that they do not have consent and Plaintiff and class members have no connection to the account that are the subject of the calls.

41.     Defendant continues to make such calls despite already paying out almost $10,000,000 to resolve similar class action claims in the past.

42.     Defendant's conduct is both willful and knowing.

43.     The only way to effectively prevent Synchrony's continued and repeated violations of the TCPA with respect to persons who have no relation to the subject accounts with Synchrony is to enjoin it from using artificial or prerecorded voice calls until it can provide a protocol sufficient to prevent its continued violations of the law.

44.     Accordingly, Plaintiff brings this action on behalf of herself and similarly situated class members, pursuant to 47 U.S.C. § 227(b)(3)(A), to enjoin Synchrony's systemic and continuous TCPA violations.

45.     Synchrony has acted in bad faith, been stubbornly litigious, and/or caused unnecessary trouble and expense.  Plaintiff demands an award of the expenses of litigation, including an award of attorney's fees pursuant to OCGA § 13-6-11.

## COUNT TWO:
## TELEPHONE CONSUMER PROTECTION ACT
**Individual Action for Damages (47 U.S.C. § 227(b)(3)(A))**

46. The acts of Defendant constitute violations of the Telephone Consumer Protection Act and/or its implementing regulations.

47. The TCPA prohibits making any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. *See* 47 U.S.C. §227(b)(1)(A)(iii); 47 CFR § 64.1200(a)(1)(iii).

48. Defendant made such calls to Plaintiff.

49. Defendant continues to make such calls despite express notification that they do not have consent and Plaintiff has no connection to the subject account with Synchrony.

50. Defendant continues to make such calls despite already paying out almost $10,000,000 to resolve similar class action claims in the past and numerous individual settlements or judgments.

51. Defendant's conduct is both willful and knowing.

52. Accordingly, Plaintiff brings this action, individually, pursuant to 47 U.S.C. § 227(b)(3)(B), for damages in the liquidated amounts provided by statute.

53.     Plaintiff requests that the Court treble damages for each such willful or knowing violation of the TCPA.

54.     Synchrony has acted in bad faith, been stubbornly litigious, and/or caused unnecessary trouble and expense.  Plaintiff demands an award of the expenses of litigation, including an award of attorney's fees pursuant to OCGA § 13-6-11.

**JURY TRIAL DEMAND**

55.     Plaintiff hereby demands a trial by jury on all issues so triable.

**DOCUMENT PRESERVATION DEMAND**

56.     Plaintiff hereby demands that the Defendant take affirmative steps to preserve all telephone recordings, data, emails, other recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If Defendants are aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials.  This

demand shall not narrow the scope of any independent document preservation duties of the defendants.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of herself and the class he seeks to represent against Defendants, as follows:

A.    Certification of this matter to proceed as a class action;

B.    That Synchrony be enjoined from using an artificial or prerecorded voice to call persons who have no connection to the subject Synchrony accounts;

C.    That Synchrony be enjoined from using an artificial or prerecorded voice unless and until it has instituted failsafe policies and procedures designed to stop artificial or prerecorded calls from being made to persons – like Plaintiff – who request such.

D.    That Plaintiff be awarded damages in the amounts provided by statute;

E.    That Plaintiff be awarded treble damages;

F.    That Plaintiff and members of the class be awarded the expenses of litigation, including a reasonable attorneys' fee.

G.    That Plaintiff and members of the class be awarded such additional relief as deemed just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

By:    */s/ Justin T. Holcombe*
      Justin T. Holcombe
      Georgia Bar No. 552100
      jholcombe@skaarandfeagle.com
      Kris Skaar
      Georgia Bar No. 649610
      kskaar@skaarandfeagle.com
      133 Mirramont Lake Drive
      Woodstock, GA 30189
      Tel:    (770) 427-5600
      Fax:    (404) 601-1855

      James M. Feagle
      Georgia Bar No. 256916
      jfeagle@skaarandfeagle.com
      Cliff R. Dorsen
      Georgia Bar No. 149254
      cdorsen@skaarandfeagle.com
      2374 Main Street, Suite B
      Tucker, GA 30084
      Tel:    (404) 373-1970

      Alexander H. Burke, *pro hac vice*
      **BURKE LAW OFFICES, LLC**
      909 Davis Street, Suite 500
      Evanston, IL 60201
      (312) 729-5288
      ABurke@BurkeLawLLC.com